IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV - 6 2007
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| MIGUEL CARLOS GARCIA, | § § § | |
| Movant, | § § | |
| VS. | § § | NO. 4:07-CV-388-A |
| UNITED STATES OF AMERICA, | § § | (NO. 4:04-CR-168-A) |
| Respondent. | § § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration the motion of Miguel Carlos Garcia ("Garcia") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government responded on October 12, 2007, and Garcia did not thereafter reply. Having reviewed the motion, the government's response, the record, and applicable legal authorities, the court concludes that the motion should be denied.

I.

<u>Background</u>

On February 4, 2005, Garcia pleaded guilty to the sole count in a superseding information, which charged him with conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(C). In exchange for Garcia's plea, the government moved to dismiss the original and two superseding indictments. On June 2, 2005, Garcia was sentenced to a term of seventy months' imprisonment, to be followed by three years of supervised release. The Fifth

Circuit affirmed this conviction and sentence on April 17, 2006. Garcia's petition for writ of certiorari was denied on October 10, 2006. Garcia timely filed this § 2255 motion on July 3, 2007.

II.

Grounds of the Motion

Garcia asserts two grounds for relief in his motion: (1) government misconduct and (2) ineffective assistance of counsel. With respect to the first ground, Garcia argues that the government forced him to carry drugs without his knowledge. He argues that his counsel was ineffective in that counsel coerced him into pleading guilty.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional

2

rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue. United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989).

IV.

Analysis

A. Government Misconduct

With respect to government misconduct, Garcia claims that his arrest was illegal because of outrageous government conduct and because he was unaware that he was transporting drugs. This claim is not cognizable. As the United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973). Since he pleaded guilty, Garcia cannot now challenge the legality of his arrest. See id.

3

B. <u>Ineffective Assistance of Counsel</u>

Likewise, Garcia is not entitled to any relief on his claim of ineffective assistance of counsel. To prevail on such claim, Garcia would have to show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. See <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). This standard applies regardless of whether the movant pleaded guilty or not guilty. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Strickland</u>, 466 U.S. at 697. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id.</u> at 689. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (2000). In the context of a guilty plea, in order to satisfy the prejudice prong of <u>Strickland</u>, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

Garcia summarily asserts that his counsel coerced him to plead guilty, but he does not adduce anything to support this

4

claim.  Such a conclusory allegation is insufficient to prove ineffective assistance of counsel.  See Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

Furthermore, at rearraignment, Garcia stated that he understood that his guilty plea should not be induced by coercion; he should not plead guilty unless he was, in fact, guilty; he entered into his plea agreement voluntarily and of his own free will; and that the factual resume--in which he admitted to transporting cocaine--was true and correct.  Such plea colloquies are considered solemn declarations in open court that carry a strong presumption of verity.  United States v. Palmer, 456 F.3d 484, 491 (5th Cir. 2006).  Garcia has not adduced anything as would overcome such presumption.

VI.

ORDER

For the reasons discussed above,

The court ORDERS that the motion of Miguel Carlos Garcia to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED November 6, 2007.

JOHN McBRYDE
United States District Judge